

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-26-2008

# Clark v. Sneizek

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Clark v. Sneizek" (2008). *2008 Decisions.* Paper 1522.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1522

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-60                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4490

CRAIG J. CLARK,
                                            Appellant

v.

T.R. SNEIZEK

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 07-cv-01179)
District Judge:  Honorable William J. Nealon

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: February 26, 2008)

OPINION OF THE COURT

PER CURIAM.

        Craig Clark, a federal prisoner proceeding pro se, appeals an order of the United

States District Court for the Middle District of Pennsylvania dismissing his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will grant Appellee's motion for summary affirmance of the District Court's order.

In 1994, Clark pleaded guilty in the United States District Court for the District of New Hampshire to conspiracy to interfere with interstate commerce by threats or violence and interference with interstate commerce by threats or violence. He was sentenced to 188 months in prison. On direct appeal, the United States Court of Appeals for the First Circuit remanded the matter for re-sentencing. Clark received a 223-month prison sentence on remand. The sentence was affirmed on appeal, and the United States Supreme Court denied certiorari in 1996.

In 2005, Clark filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of New Hampshire challenging the enhancement of his sentence based on a finding of obstruction of justice. The district court found the motion untimely and dismissed it. The First Circuit Court of Appeals denied Clark's request for a certificate of appealability.

Clark then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Clark again challenged the enhancement of his sentence, and claimed a violation of his due process rights because he was not informed of the consequences of his plea.

As recognized by the District Court, motions under § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

2

Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is not inadequate or ineffective merely because the sentencing court denied relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the gatekeeping requirements of § 2255. Cradle v. United States, 290 F.3d 536, 538-39 (3d Cir. 2002). A § 2255 motion is inadequate or ineffective only where the petitioner shows that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. Id. at 538.

Clark has not made such a showing. Clark presents the same challenge to his sentence that he raised in his time-barred § 2255 motion and attacks the validity of his plea. Clark may not evade § 2255's gatekeeping requirements for filing a second or successive motion to vacate his sentence by seeking relief under § 2241. Because Clark already has filed a motion to vacate his sentence pursuant to § 2255, the District Court correctly determined that he must seek leave in the First Circuit Court of Appeals to file a successive § 2255 motion challenging his conviction or sentence.

The District Court also properly denied Clark's motion for reconsideration, in which he argued that the District Court mischaracterized his claim. Although the District Court did state in error that Clark claimed that he was actually innocent of his crime, this

3

mischaracterization did not affect the correctness of the District Court's ultimate

conclusion that Clark's claims are not cognizable under § 2241.[1]

Accordingly, because this appeal does not raise a substantial question, we will

grant Appellee's motion for summary affirmance and will affirm the judgment of the

District Court.

---

[1]To the extent that the District Court reached the merits of Clark's claims on reconsideration or in its initial decision, we do not affirm the District Court's decision on this basis. We decide only that Clark's claims are not cognizable in a § 2241 petition, and that he must seek permission from the First Circuit Court of Appeals to pursue his claims under § 2255.